**BAKER TOW BOAT CO., Inc., v. LANGNER.**

Circuit Court of Appeals, Fifth Circuit.

February 14, 1930.

No. 5672.

Alexis T. Gresham, of Mobile, Ala. (H. Pillans, Palmer Pillans, and William Cowley, all of Mobile, Ala., on the brief), for appellant.

R. P. Roach, of Mobile, Ala., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and CLAYTON, District Judge.[1]

BRYAN, Circuit Judge. Appellee brought a libel in personam to recover damages for personal injury, and was awarded a final decree against appellant and the Henderson Ship Building Company. The ship building company refused to join in this appeal, and appellant was granted a severance.

Appellee was a carpenter employed by appellant to do repair work on its boats at the plant of the ship building company on Pinto Island, which is across the Mobile river from the city of Mobile. Appellant's boats were repaired at the plant of the ship building company under an arrangement whereby, in some instances, the ship building company placed the boats on dry dock and did the bottom work at a fixed rate of pay, and, after the boats came off the dry dock, received from appellant a percentage of wages which the latter paid for repairs to its employees; and whereby, in other instances, appellant paid fixed charges for allowing its boats to remain at the ship building plant. The ship building company operated a launch on the river between Mobile and Pinto Island for the convenience of its own employees, but permitted appellant's employees to ride in the launch free of charge. The operator of the launch was an employee of the ship building company. Appellee was injured while riding in the launch on the way to his work, as a result

---

[1] Judge CLAYTON agreed to the disposition that is now being made of this case, but died before this opinion was written.

of it being negligently run out of its course and against an obstruction in the river.

We are of opinion that it was error to hold appellant liable for the negligence of the ship building company's employee. Appellant is sought to be held liable on the theory that the relation of master and servant existed for the time being between it and the man in charge of the launch. That relation, it is argued, was brought about by a joint adventure of appellant and the ship building company under their agreement for the repair of the former's boats at the latter's ship building plant. We do not think that the parties to that agreement were partners or joint adventurers. The payment by appellant of a percentage of the wages of its employees to the ship building company was a mere method of providing compensation for the use of the ship building plant. This case in its essential features is controlled by the decision of the Supreme Court in Standard Oil Co. v. Anderson, 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.